UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


MELANIE NISE FRENCH                    CIVIL ACTION NO. 08-cv-0044

VERSUS                                 REFERRED TO:

U.S. COMMISSIONER SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


## MEMORANDUM RULING

**Introduction**

Melanie French, who has a limited education and past relevant work as a housekeeper/laundry room worker and similar jobs, was 40 years old when she applied for disability benefits. ALJ W. Thomas Bundy, in conducting the five-step sequential analysis found that Plaintiff had severe impairments in the form of degenerative disk disease of the lumbar spine and obesity, but the impairments did not meet or equal a listed impairment. He determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work, including the ability to stand and/or walk for up to six hours, and sit without any restrictions. A vocational expert ("VE") testified that a person with Plaintiff's vocational factors and the RFC assessed by the ALJ could perform jobs such as cashier, ticket seller, order caller, and the like, all of which were light, unskilled jobs. The ALJ accepted that testimony and determined at step five that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent

to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

## Issues on Appeal

Plaintiff lists two issues for appeal: (1) she argues that the RFC determined by the ALJ is not supported by substantial evidence; and (2) she argues that the evidence shows she is unable to perform light or even sedentary work, so is disabled.

## Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Analysis

Plaintiff's principal argument with regard to the RFC is that she is incapable of the degree of sitting and standing found by the ALJ, and that she would require regular breaks

(which the VE said would preclude work). The ALJ had medical opinion evidence on the issue that varied. Dr. Charles Werner conducted a consultative evaluation in January 2004. He conducted a physical evaluation, and he reviewed an X-ray of the spine that showed mild to moderate loss of disk space at L5/S1. Dr. Werner's impression was mild to moderate degenerative disk disease (with intermittent chest pain that may be anxiety related). He opined that Plaintiff could sit for a total of four hours per work day, requiring regular breaks. He also stated that Plaintiff could stand for a total of four hours, requiring regular breaks at least half hour to hourly to rest. He went on to describe other limitations in detail, but these are the ones most important to the arguments on appeal. Tr. 174-75.

Dr. Raymond Cush performed a consultative evaluation in January 2007. Dr. Cush wrote that Plaintiff had first reported her back bothering her in 1999, related to using a heavy mop as part of her custodial work, but she had continued working at the job until 2003. Dr. Cush noted that Plaintiff had been seen on several occasions for other problems and had normal joint exam with no complaints related to the back. He saw no documented further injury or changes of the back since Plaintiff last worked regularly. Plaintiff lived in a home with three daughters and their six children, all of whom Plaintiff helped care for. Physical examination was not remarkable. Dr. Cush wrote that Plaintiff had a "good joint exam today." He completed a functional capacity assessment form which he indicated that Plaintiff's ability to lift/carry, stand/walk, sit, and push/pull were not affected by Plaintiff's

impairment. He assessed no meaningful limitations on physical ability and noted that it was because of a "normal exam." Tr. 215-20.

The ALJ discussed the report from Dr. Werner and the report from Dr. Cush in the course of his decision. Tr. 22. The ALJ did not specifically discuss reports from Dr. Vinh Nguyen, but he was obviously aware of them. Dr. Nguyen performed a consultative examination in July 2006. He diagnosed low back pain associated with degenerative joint disease. He found that Plaintiff would have a "slightly limited range of motion of her lumbar spine" that would limit the ability to kneel, crawl, or stoop. Despite the problems, he opined that Plaintiff "should be able to sit, walk, and/or stand for at least a half workday, lift/carry objects of at least 20 pounds" and perform other work demands. Tr. 194-96. The ALJ wrote Dr. Nguyen in February 2007 and asked for clarification of the report, including whether Plaintiff would have to remain in recumbent rest for the other half of the work day. An assessment form that accompanied the report contained potentially inconsistent findings, and the ALJ asked for clarification, together with reference to objectively validated abnormalities that would warrant any assigned limitations. Tr. 223.

Dr. Nguyen completed a new form in March 2007. Dr. Nguyen indicated on that form that Plaintiff could stand or walk for only two hours at a time, for a total of four hours per workday. He stated that she could sit for four hours at a time, for a total of six hours per day. He also wrote that Plaintiff "would benefit from intermittent change of postural positions" because of her degenerative joint disease of the lumbar spine." Tr. 224-29. Counsel was

given an opportunity to address the report, and he wrote a letter (Tr. 151) to remind the ALJ

that the VE testified that the breaks suggested by Dr. Nguyen would eliminate all jobs.

Plaintiff argues that the report from Dr. Cush should be discounted, as it suggests

Plaintiff lacks even a severe impairment.  But Dr. Cush, just as Dr. Werner and Dr. Nguyen,

examined Plaintiff and her medical history, and he offered his medical opinion.  The ALJ had

before him three quite different opinions.  Both Dr. Werner and Dr. Nguyen found that

Plaintiff could sit, stand, and walk for various times and would need more than the ordinary

number of breaks.  Dr. Cush, on the other hand, found that Plaintiff had no limitation with

regard to those activities.

The ALJ, after finding Plaintiff's description of her symptoms only partially credible,

determined an RFC that was not based wholly on any one medical opinion.  He did not fully

embrace Dr. Cush's report and find no limitations.  Rather, he found fairly significant

limitations that permitted only a limited range of light work, though without the requirement

of breaks referenced in two of the reports.  The ALJ was not required to pick one medical

opinion and adopt it 100%.  He was simply required to use his best judgment to assess an

RFC that is supported by substantial evidence, drawn from the medical opinions as well as

Plaintiff's testimony, medical records, and other evidence in the record.  The ALJ found an

RFC not on all fours with the testimony of any one witness, just as juries and judges so often

do.  This case is a bit unusual in that the medical opinions vary so much, but that does not

preclude the ALJ's decision from being supported by substantial evidence.  No judicial relief

is available with respect to this first issue, so the second issue becomes moot. A judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE